UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

Banc of America Securities LLC, *et al.*,                         :

                Plaintiffs,                 :

                          -v-                 :

                                      :

BEAR STEARNS ASSET MANAGEMENT, *et al.*,               :

                Defendants.                 :
------------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 0 6 2012

08 Civ. 9265 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

     For the reasons discussed below, Plaintiffs' Motion to Amend is GRANTED.

## I.    BACKGROUND

     This case arises out of a multi-billion dollar transaction in mortgage-backed securities that took place shortly before the onset of the global economic crisis. The basic allegations are that Defendants fraudulently, and in breach of their agreements and fiduciary duties, negotiated with Plaintiffs to establish a CDO-squared entity ("the Issuer") and caused Plaintiffs to purchase and transfer to that entity billions of dollars worth of distressed assets. On September 30, 2009, Judge Crotty dismissed the third claim in the original five-claim complaint, which alleged breach of a fiduciary duty. Judge Crotty found that because the claim involved the purchase and sale of securities, it was preempted by New York's Martin Act. (9/30/09 Tr. at 55).

     Over two years later, in December of 2012, the New York Court of Appeals issued an opinion clarifying that the Martin Act does not preempt common law claims for breach of fiduciary duties and gross negligence. *Assured Guaranty (UK) Ltd. v. J.P. Morgan Investment Management, Inc.*, 18 N.Y.3d 341 (2011). Three months after *Assured Guaranty* was decided, Plaintiffs moved to amend their complaint to reinstate their breach of fiduciary duty claim. (Docket # 84). The Court assumes the parties' familiarity with the allegations in the Proposed Second Amended Complaint ("PSAC").

     Fed. R. Civ. P. 15(a)(2) provides that the Court "should freely give leave" to amend "when justice so requires." No one disputes that *Assured Guaranty* eliminated the basis on which Judge Crotty dismissed the fiduciary duty claim. Defendant argues, however, that reinstatement will be futile and prejudicial. The Court disagrees.

## II.    FUTILITY

Defendants' primary argument is that the PSAC fails to adequately plead the existence of a fiduciary duty at the time of the alleged breach.  Clear New York case law holds that financial advisors owe fiduciary duties to their advisees.  *Palmetto Partner, L.P. v. AJW Qualified Partners, LLC*, 921 N.Y.S.2d 260, 265 (App. Div. 2011) ("Manager's discretionary authority to invest the plaintiffs' capital contributions and suspend withdrawals from the Fund gave rise to a fiduciary relationship."); *Bullmore v. Ernst & Young Cayman Islands*, 846 N.Y.S.2d 145, 148 (App. Div. 2007).  When asked at oral argument, counsel for Defendant Bear Stearns Asset Management ("BSAM") conceded that the legal rule embodied in these cases is that "when an investor or investors give money over to someone who is operating as their financial advisor, and in so doing choosing assets, what to buy, what to sell, when to buy and sell, there is a fiduciary duty.  I think as a general proposition that is not contested." (7/2/12 Tr. at 30).

Plaintiffs' allegations are sufficient to meet this standard.  The Complaint alleges that assets were "earmarked" for the Issuer by Defendants, who "knew that, in transferring the initial $2.89 billion of assets that were to become the Collateral to Bank of America on May 22, they were selecting assets for the Issuer, because the Bank would be transferring the same assets to the Issuer two days later."  (Comp. ¶¶ 62, 82).  Defendants dispute that BSAM "was relying on and putting its trust and confidence in BSAM such that it created a fiduciary relationship" (7/2/12 Tr. at 31), but this is a factual dispute that is not to be dealt with at the pleading stage.  The PSAC sets forth adequate allegations that a fiduciary duty existed and that it was breached.[1]

Because the allegations of breach of a fiduciary duty contained in the PSAC are sufficient to survive the pleading stage, amendment will not be futile.[2]

---

[1] At oral argument, counsel for Defendant noted several cases cited in its briefs that stand for the uncontested proposition that a fiduciary relationship cannot be created out of an arms-length transaction.  *See, e.g., Intellivision v. Microsoft Corp.*, 784 F. Supp. 2d 356, 372 (S.D.N.Y. 2011); *Maalouf v. Salomon Smith Barney, Inc.*, 2003 WL 1858153, at *4 (S.D.N.Y. April 10, 2003).  To the extent that Defendants argue that the relationship between the Issuer and Defendants was an arms-length negotiation rather than one where the Issuer placed trust and confidence in Defendants, those are factual disputes that are not to be dealt with at the pleading stage.  Additionally, while Defendants correctly argued that fiduciary duties can arise from contractual relationships, New York law also holds that fiduciary duties may exist independent from obligations already owed pursuant to a contract.  *Bullmore*, 846 N.Y.S.2d at 148 ("[C]onduct amounting to breach of a contractual obligation may also constitute the breach of a duty arising out of the relationship created by contract which is nonetheless independent of such contract.").

[2] Defendants argue that amendment cannot be allowed because, subsequent to the commencement of this litigation, BANA sold the relevant part of its securitization trust administration business to U.S. Bank.  Plaintiffs' counsel represents that U.S. Bank is ready to be substituted into the action.  The Court will deem Defendants' objections as a motion for substitution pursuant to Rule 25(c).  When Plaintiffs submit their Second Amended Complaint, they shall substitute U.S. Bank for BANA.

### III.    PREJUDICE

Plaintiffs contend that amendment will require a re-opening of discovery and therefore cause prejudice and delay.  Yet the Second Circuit has held that an "adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *United States v. Cont'l Illinois Nat'l Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir. 1989).[3]  Even though the PSAC reformulates somewhat the basis for the breach of fiduciary duties claim, it relies on allegations present in the prior two complaints, and counsel for Defendant BSAM conceded at oral argument that the amount of additional discovery that Defendants will seek "is not a lot."  (7/2/12 Tr. at 43).  There is no undo prejudice under these circumstances.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Amend is GRANTED.  Defendants request some period of discovery to propound a limited number of additional interrogatories related to the reinstated claim and possibly to retain an expert.

It is therefore ORDERED that all discovery, including expert discovery, shall be completed by October 1, 2012.  The additional discovery shall only relate to the reinstated claim. Any expert report shall remain confined to issues arising out of the reinstated claim.

It is FURTHER ORDERED that any summary judgment motion shall be submitted on or before November 19, 2012.  Opposition papers, if any, shall be submitted on or before January 8, 2013.  Reply papers, if any, shall be submitted on or before January 29, 2013.

SO ORDERED.

Dated: July 6, 2012
        New York, New York

ALISON J. NATHAN
United States District Judge

---

[3] Defendants cite *Harkabi v. SanDisk Corp.*, 2012 WL 826892, at *8 (S.D.N.Y. Mar. 12, 2012) for the proposition that a motion to amend should be denied as unduly prejudicial when "significant additional discovery and another round of expert reports" will be needed.  *Harkabi* is distinguishable.  First, the proposed amendment in *Harkabi* was not based on a change in law, but instead a change in litigation strategy.  *Id.*  Second, in *Harkabi* the proposed amended complaint came months after the close of all discovery, whereas the present Motion to Amend was filed immediately after discovery closed.  Indeed, the relevant change in law in this case did not come until *after* fact discovery closed.  Third, the proposed amended complaint in *Harkabi* introduced a *new* theory, whereas the Proposed Second Amended Complaint in the present case seeks to reinstate a previously introduced claim that was dismissed based on a widespread misapprehension of New York law, which was subsequently clarified by the New York Court of Appeals.  Fourth, in *Harkabi*, the proposed amended Complaint came just a few weeks before a scheduled trial.  *Id.*  No trial date has been set in the present case.