KRAMER LEVIN NAFTALIS & FRANKEL LLP

BARRY H. BERKE
PARTNER
PHONE 212-715-7560
FAX 212-715-8000
BBERKE@KRAMERLEVIN.COM

July 22, 2013

By Email

The Honorable Alison J. Nathan
United States District Court
  for the Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Bank of America, N.A., et al. v. Bear Stearns Asset Management Inc., et al.*
No. 08 Civ. 9265 (AJN)

Dear Judge Nathan:

We write on behalf of all defendants to address the question of whether the record here supports the Court sealing and/or redacting from the summary judgment submissions, oral argument transcript, and any future opinion (collectively, "Court Documents") all references to or excerpts from a December 2007 presentation by Bank of America's ("BOA") Chief Risk Officer to BOA's Board of Directors ("BOD Presentation") that Judge Crotty previously determined is not privileged. Under the strict standards set forth in the Second Circuit's decision in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), we respectfully submit that under the particular facts and procedural posture of this case there is no basis for redacting or sealing references in the Court Documents to the BOD Presentation.

Factual Background

In November 2011, after receiving letter briefing from all parties and having an opportunity to review the entire BOD Presentation *in camera*, Judge Crotty ruled that the BOD Presentation was neither privileged nor work-product protected. *See* BSAM 11/15/11 letter to Crotty, J.; BOA 11/18/11 letter to Crotty, J.; Dkt. No. 78 ("Crotty Order"). BOA did not seek reconsideration of this ruling, which, for the reasons set forth in our letter to Judge Crotty, was clearly correct.

In both their written submissions and at oral argument, defendants relied on the BOD Presentation as support for their summary judgment motion. *See, e.g.,* Defs. Br. at 1, 13, 20; Defs.' 56.1 Stmt. at ¶¶ 85-86; Moff Declaration, dated 11/30/12, Exhs. 1 & 60; Def. Reply Br. at 6, 7, 7 n.8. For example, as to the claim for alleged fraud in connection with the repo loan, defendants asserted that findings and admissions in the BOD Presentation – *e.g.*, that there were "process breakdowns related to the mezzanine tranches" and "inadequate communication across business and risk groups for structured products and the repo desk" – support defendants' arguments that it was because of BOA's own failures, and not any concealment by the defendants, that the contents of the May 23 letter from BSAM to BOA were not shared with

KRAMER LEVIN NAFTALIS & FRANKEL LLP

The Honorable Alison J. Nathan
July 22, 2013
Page 2

BOA's repo desk prior to the closing of the repo financing on May 24. *See* Defs.' Br. at 20; Defs.' Reply Br. at 6-7. Defendants also argue that findings and admissions in the BOD Presentation support our causation arguments because the BOD Presentation attributes BOA's losses to causes other than the collapse of the Funds and finds and admits that BOA made a "mistake in business judgment" and should not have entered into the CDO-squared transaction "at a time when it was clear that there were problems in the subprime arena." (Defs. Br. at 1, 13). We note as well that BOA responded to arguments based on the BOD presentation in its opposition papers. *See, e.g.,* Pls.' Opp. Brief at 21 n.12; Pls.' 56.1 Counterstmt. at ¶¶ 85-86.[1]

The Governing Law

There is a strong presumption of access to judicial documents and proceedings that is rooted in both the common law and the First Amendment. *See Lugosch*, 435 F.3d at 119-120 (2d Cir. 2006). Documents submitted in connection with a summary judgment motion are "unquestionably judicial documents" and the weight of the presumption of access "is of the highest: documents used by parties moving for, or opposing summary judgment should not remain under seal absent the most compelling reasons." *Id.* at 123. (internal quotations and citations omitted). This is true even if the court does not actually rely on the judicial documents. *See id.* ("documents that the judge should have considered or relied upon, but did not, are just as deserving of disclosure"); *U.S. v. Sattar*, 471 F. Supp. 2d 380, 386 (S.D.N.Y. 2006) ("the test focuses not on whether the document was actually used by the court, but rather, on the role the document was intended to play in the exercise of the court's Article III duties"). Documents entitled to the presumption of access may be kept under seal "only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124.

While *Lugosch* leaves open the possibility that a valid attorney-client privilege may "suffice[] to defeat the presumption of access," *id.* at 125, here, Judge Crotty has already ruled that that BOD Presentation is *not* protected by the attorney-client privilege or work-product doctrine, and that ruling is the law of the case. Under these circumstances, there is no "compelling reason" or "higher value" sufficient to overcome the presumption of access. *See Allen v. City of New York*, 420 F. Supp. 2d 295, 301-303 (S.D.N.Y. 2006) (a rejected claim of privilege is "the law of the case" and cannot support a finding of either "good cause" or "compelling reasons" to justify keeping a document confidential under Rule 26(c) or sealing it in derogation of the right of access). Courts routinely deny requests to keep purportedly privileged documents under seal where and to the extent the District Court determines that there are no such valid privileges; indeed, that is precisely what occurred on remand in the *Lugosch* case. *See,*

---

[1] To the extent plaintiffs' claims survive summary judgment, defendants intend to rely on the BOD Presentation at trial. In a footnote in their summary judgment papers, plaintiffs say that they "doubt" that the BOD Presentation is admissible as evidence of a "subsequent remedial measure." (Pls.' Opp. Br. at 21 n.12). As explained in our reply brief (at p. 7 n.8), plaintiffs are incorrect because, *inter alia,* (i) Fed.. R. Evid. 407 does not apply to the facts, admissions, findings and conclusions delivered to BOA's board; and (ii) defendants do not offer the report to "prove" negligence or culpable conduct by BOA, but to show, *inter alia,* that the factual findings and admissions and conclusions are inconsistent with the claims that BOA asserts against the defendants in this case.

KRAMER LEVIN NAFTALIS & FRANKEL LLP

The Honorable Alison J. Nathan
July 22, 2013
Page 3

*e.g., Adams v. Village of Keesvile*, No. 07 Civ. 452 (LEK/RFT), 2008 WL 3413867, at *13 (N.D.N.Y. Aug. 8, 2008) (ordering pleadings and exhibits unsealed once the court determined that the documents at issue were not privileged); *In re Traversa*, 371 B.R. 1, 6 (D. Conn. 2007) (finding no compelling need to seal where "documents do not contain specific references to information the Court deems to be privileged or confidential); *Lugosch v. Congel*, 2006 WL 6651777 (N.D.N.Y. May 5, 2006). We are aware of no case holding that a party's interest in preserving a document's secrecy so that it can appeal an unsuccessful assertion of privilege at the district court level is a sufficiently compelling "higher value" to outweigh the presumption of access.[2] Any such interest is particularly deserving of little if any weight where it is being asserted by a plaintiff that made the choice to bring a litigation that put directly at issue the very subjects addressed in plaintiffs' own purportedly protected documents – i.e., the extent to which it was BOA's own mistakes, and not the alleged wrongdoing of the defendants, that contributed to the losses for which BOA now seeks to recover. *Cf. Lugosch*, 435 F.3d at 125 (privilege may be waived where a party asserts claims that put the allegedly privileged information at issue or "in fairness" require examination of the purportedly protected communications).

Under these circumstances, and pursuant to the standard articulated in *Lugosch*, we respectfully submit that in this case and on this particular record there is no basis to redact or seal any references to or excerpts from the BOD Presentation in the Court Documents.

Thank you for your consideration.

Respectfully submitted,

KRAMER, LEVIN, NAFTALIS &
FRANKEL, LLP

By: _____
Barry H. Berke
Eric A. Tirschwell

1177 Avenue of the Americas
New York, N.Y. 10036
Ph: (212) 715-9100
Fax: (212) 715-8000
*Counsel for Defendant
Bear Stearns Asset Management Inc.*

cc: All counsel (via email)

---

[2] Any claim that unsealing the material may result in waiver of plaintiffs' privilege is without merit. The law is clear that "involuntary or compelled disclosure does not give rise to a waiver." *In re Parmalat Secs. Litig.*, No. 04 MD 1653, 2006 WL 3592936, at *4 (S.D.N.Y. Dec. 1, 2006); *see also Pension Committee of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, No. 05 Civ. 9016, 2009 WL 2921302, at *1 (S.D.N.Y. Sept. 8, 2009) (plaintiff had not waived attorney-client privilege by disclosing communications pursuant to court order).